### WILSON v. BYRON JACKSON CO.
No. 10159.

Circuit Court of Appeals, Ninth Circuit.

Feb. 5, 1943.

As Amended on Denial of Rehearing
March 17, 1943.

R. Welton Whann and Robt. M. McManigal, both of Los Angeles, Cal., for appellant.

Lyon & Lyon, Frederick S. Lyon, and Leonard S. Lyon, all of Los Angeles, Cal., for appellee.

Before DENMAN, HANEY, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an interlocutory judgment of the United States District Court for the Southern District of California holding claims 1, 4 and 11 of the patent to N. K. Smith No. 1,871,825, issued August 16, 1932, valid and infringed.

The patent in suit is for side door elevators of the type used in the raising and lowering of well casing, tubing, and the like, in the operation of drilling a well and maintaining the same in production. Elevators have long been used in the oil producing industry, and their purpose and manner of use over a long period of time have remained unchanged. These elevators are nothing more than a body and door structure forming a collar which encircles the pipe and has an upper shoulder which is engageable with the shoulder on the coupling or tool joint of the drill pipe or casing which is to be raised or lowered by the elevator. No novelty is claimed for the combination of the body and the door of the collar, nor for the fact that such a combination encircles and raises and lowers the enclosed piping. The sole novelty claimed at the hearing is that the latch which locks the door is swung back and forward on a horizontal pivot, the latch moving in a vertical rather than a horizontal plane.

The door's latching device is a protruding lug on the free vertical side of the door. The body of the collar has a vertically hung latch on a horizontal pivot. The lower part of the latch is ' swung away from the lug and falls outside it when the lug has passed and the door closed.

The door's latching mechanism is identical with the five-board farm gates we have often seen with the center board projecting from the free side of the gate so that when closed it lies against the gate post. On the gate post hangs a vertical board latch on a horizontal pivot near the top of the board, with a slot on the gate post below into which the latch board swings after it has been lifted aside to

permit the protruding gate board lug to pass it and lie against the gate post.

 We are unable to see any novelty in the Smith mechanism not foreseen and used long before the farm handy men began to build such gates at their pasture fields entrances, where they could be opened and closed by the chore man without dismounting from his horse.

This old mechanism appears in the claims relied upon, of which No. 1 is typical: " 1. An elevator comprising a body provided with members pivoted together and recessed to form the bore of the elevator, one of said members provided with a horizontal pivot projecting forwardly therefrom and offset from the bore of the elevator, the other member provided with a lug, and a latch mounted on said pivot engageable with the lug."

 Assuming the court must shut its eyes to so common a structure as such a farm gate latch, it is certainly permitted to take judicial notice of the common household latch for which the "latchstring is out." It has a horizontal pivot. It moves in a vertical plane. To apply it to a projection or lug from the door, rather than the door itself, certainly has no "flash of genius" or aptitude beyond "the skill of a mechanic trained in the art."

Nor can we see any flash of genius in applying such a gate or door to open and close the entrance of a space of confined area of a circular collar, rather than its use to open or close the entrance of a wider area of a fenced pasture.

Appellant points to the doors in general use in prior patented pipe collars, having one form or another of latch device in one of which the latch has a horizontal axis and swings to and from an upright position. Appellant also shows that the alleged Smith patent is a paper patent. But thirty were manufactured, of which but two were sold and no use shown as to these two.

We think it unnecessary to consider these matters presented by appellant. Common sense is enough to determine from the model in evidence, admitted by appellee to show Smith's claimed novelty, that as to the claims relied upon the patent is invalid.

Appellee's complaint below claimed an infringement of another patent, No. 2,053,284. As to this claim the appellee dismissed its complaint and the order of dismissal is in the interlocutory decree from which this appeal was taken. In this court error is claimed only as to the portion of the decree affecting patent No. 1,871,825. As to this latter patent, the interlocutory decree is reversed. The dismissal of the claim as to No. 2,053,284 is affirmed.

Reversed in part and affirmed in part.